IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JASON CANADAY,                                  §
                                                §
              Plaintiff,                         §
                                                §
v.                                              §                    1:25-CV-1446-RP
                                                §
CALDWELL COUNTY, TEXAS, et al.,                 §
                                                §
              Defendants.                        §

## **ORDER**

Before the Court is the above-styled cause of action. Plaintiff Jason Canaday ("Plaintiff")

filed the instant action on September 12, 2025, alleging that he was subjected to an unreasonable

seizure and excessive force in violation of the Fourth Amendment. (Compl., Dkt. 1, at 1). That same

day, Plaintiff's counsel, Mr. Glenn D. Tucker, Sr., filed a Motion for Admission Pro Hac Vice

("PHV Motion"). (PHV Motion, Dkt. 2). The Court denied the motion on October 17, 2025, as his

local co-counsel, Ms. Fatima Hassan-Salam, had not yet made an appearance. (Order, Dkt. 3). The

Court informed Mr. Tucker that he could refile his PHV Motion once Ms. Hassan-Salam made an

appearance. (*Id.*). Ms. Hassan-Salam made an appearance on October 21, 2025. Mr. Tucker

continued to act as counsel in this case,[1] despite failing to refile his PHV Motion.

Because Mr. Tucker continued to represent Plaintiff, the Court ordered Mr. Tucker to refile

his PHV Motion on or before January 20, 2026. (First Show Cause Order, Dkt. 10). In that same

Order, the Court also ordered Plaintiff to show cause on or before January 20, 2026, for his failure

to serve Defendants within 90 days of filing his Complaint. (*Id.*). The Order warned Plaintiff that

failure to show cause as to why the claims against Defendants should not be dismissed for failure to

timely effectuate service could result in dismissal of this action. (*Id.* at 2). **Plaintiff did not file any**

---

[1] Subsequent to the denial of his pro hac vice motion, Mr. Tucker filed requests for the Clerk of Court to issue summonses. (Dkts. 5, 7).

**response to the Court's Show Cause Order by the deadline or refile his PHV motion**, though multiple Defendants have since made an appearance in this case and have not challenged service. (*See* Dkts. 9, 11, 12).

Subsequently, on January 7, 2026, Defendants Caldwell County, Texas and Deputy Justin Brown filed a Rule 12(b)(6) Motion to Dismiss, (Dkt. 9), making Plaintiff's deadline to respond January 21, 2026. *See* W.D. Tex. Loc. R. CV-7(d) (providing that responses to motions other than discovery or case management motions shall be filed within 14 days). The Court **again** ordered Plaintiff to show cause, this time for Plaintiff's counsel's failures to (1) refile his PHV Motion; (2) comply with the Court's Order, (Dkt. 10), to refile his PHV Motion and show cause for his failure to timely serve Defendants; and (3) respond to the motion to dismiss filed by Defendants Caldwell County, Texas and Deputy Justin Brown. (Second Show Cause Order, Dkt. 13). The Show Cause Order also again ordered Plaintiff's counsel to refile his PHV motion. (*Id.*). This second Show Cause Order provided a response deadline of February 9, 2026, and again warned Plaintiff that failure to show cause could result in this case being dismissed for failure to comply with Court orders and for failure to prosecute. (*Id.* at 2).

On February 9, 2026, Mr. Tucker refiled his PHV Motion.[2] (Refiled PHV Motion, Dkt. 14). **Yet, for the second time, Mr. Tucker failed to respond to the Court's Show Cause Order. Nor has he filed a response to the motion to dismiss filed by Defendants Caldwell County, Texas and Deputy Justin Brown**. Indeed, the deadline for a subsequently filed motion to dismiss by Defendant City of Luling, Texas, (Dkt. 12), has now *also* passed without a response.[3]

---

[2] The Court notes that it granted his Refiled PHV Motion one day later on February 10, 2026. (Text Order Dated Feb. 10, 2026). Mr. Tucker therefore cannot argue that he refrained from responding to the motions to dismiss because he had not been admitted to practice before the Court.

[3] In addition to not responding to the motions to dismiss, Plaintiff never moved for an extension of time to respond to the motions.

Plaintiff in this case has now shown an extraordinary pattern of both non-compliance with Court orders and of failure to prosecute. As the Court has twice warned, it has the authority to dismiss this case. *See* Fed. R. Civ. P. 41(b) (action may be dismissed for want of prosecution or failure to comply with court order); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (district court has authority to dismiss case for want of prosecution or failure to comply with court order). Based on Plaintiff's repeated failures to respond to the Court's Show Cause Orders, (Dkts. 10, 13), and repeated failures to prosecute this case by responding to the pending motions to dismiss, (Dkts. 9, 12), the Court will exercise its power to dismiss this case. Because dismissal with prejudice does not appear appropriate on this record, however, the dismissal will be without prejudice.[4]

Accordingly, **IT IS ORDERED** that, pursuant to Federal Rule of Civil Procedure 41(b), Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** on March 3, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[4] A dismissal with prejudice is a harsh sanction, as it deprives the litigant of the opportunity to pursue their claim. *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (citing *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985)). A dismissal with prejudice under Rule 41(b) "should normally be accompanied by at least one of the following three aggravating circumstances: (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Singh v. Wal-Mart Stores Inc.*, No. 1:17-CV-1120-RP, 2022 WL 891969, at *4 (W.D. Tex. Mar. 25, 2022) (citing *PHI, Inc. v. Off. & Pro. Emps. Int'l Union*, No. CIV. 06-1469, 2009 WL 1658040, at *4 (W.D. La. June 11, 2009)). Because one of these circumstances has not clearly been shown, the Court will not dismiss this case with prejudice.