IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JASON CANADAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:25-CV-1446-RP |
| | § | |
| CALDWELL COUNTY, TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff Jason Canaday's ("Plaintiff") Motion to Reopen and to Reconsider Order of Dismissal Without Prejudice. (Mot. to Reopen, Dkt. 18). Defendants Caldwell County, Texas, Caldwell County Sheriff's Office, Former Caldwell County Sheriff's Deputy Justin Brown, and City of Luling (collectively, "Defendants") filed a Response in opposition, (Dkt. 22),[1] and Plaintiff filed a Reply in support of his motion, (Dkt. 25). Having reviewed the record, the briefing, and the relevant case law, the Court will deny the motion to reopen this case.

**I. PROCEDURAL BACKGROUND**

Plaintiff Jason Canaday ("Plaintiff") filed the instant action on September 12, 2025, alleging that he was subjected to an unreasonable seizure and excessive force in violation of the Fourth Amendment. (Compl., Dkt. 1, at 1). That same day, Plaintiff's counsel, Mr. Glenn D. Tucker, Sr., filed a Motion for Admission Pro Hac Vice ("PHV Motion"). (PHV Motion, Dkt. 2). The Court denied the motion on October 17, 2025, as his local co-counsel, Ms. Fatima Hassan-Salam, had not yet made an appearance. (Order, Dkt. 3). The Court informed Mr. Tucker that he could refile his PHV Motion once Ms. Hassan-Salam made an appearance. (*Id.*). Ms. Hassan-Salam made an

[1] Though the Response is stylized as a joint motion, the Court construes it as a response.

appearance on October 21, 2025. Mr. Tucker continued to act as counsel in this case,[2] despite failing to refile his PHV Motion.

Because Mr. Tucker continued to represent Plaintiff, the Court ordered Mr. Tucker on January 6, 2026, to refile his PHV Motion on or before January 20, 2026. (First Show Cause Order, Dkt. 10). In that same Order, the Court also ordered Plaintiff to show cause on or before January 20, 2026, for his apparent failure to serve Defendants within ninety days of filing his Complaint. (*Id.*). The Order warned Plaintiff that failure to show cause as to why the claims against Defendants should not be dismissed for failure to timely effectuate service could result in dismissal of this action. (*Id.* at 2). Plaintiff did not file any response to the Court's Show Cause Order by the deadline, nor did Mr. Tucker refile his PHV motion, though multiple defendants later made an appearance in this case and did not challenge service. (*See* Dkts. 9, 11, 12).

Subsequently, on January 7, 2026, Defendants Caldwell County, Texas and Deputy Justin Brown filed a Rule 12(b)(6) Motion to Dismiss, (Dkt. 9), making Plaintiff's deadline to respond January 21, 2026. *See* W.D. Tex. Loc. R. CV-7(d) (providing that responses to motions other than discovery or case management motions shall be filed within 14 days). On January 28, 2026, the Court **again** ordered Plaintiff to show cause ("the Second Show Cause Order"), this time for Plaintiff's counsel's failures to (1) refile Mr. Tucker's PHV Motion; (2) comply with the Court's Order, (Dkt. 10), to refile Mr. Tucker's PHV Motion and show cause for Plaintiff's failure to timely serve Defendants; and (3) respond to the motion to dismiss filed by Defendants Caldwell County, Texas and Deputy Justin Brown. (2d Show Cause Order, Dkt. 13). The Second Show Cause Order also again ordered Mr. Tucker to refile his PHV motion. (*Id.*). The Second Show Cause Order provided a response deadline of February 9, 2026, and again warned Plaintiff that failure to show

[2] Subsequent to the denial of his PHV Motion, Mr. Tucker filed requests for the Clerk of Court to issue summonses. (Dkts. 5, 7).

cause could result in this case being dismissed for failure to comply with Court orders and for failure to prosecute. (*Id.* at 2).

On February 9, 2026, Mr. Tucker refiled his PHV Motion.[3] (Refiled PHV Motion, Dkt. 14). However, as of March 3, 2026, Mr. Tucker had still failed to respond to the Court's First or Second Show Cause Order. Nor had he filed a response to the motion to dismiss filed by Defendants Caldwell County, Texas and Deputy Justin Brown, (Dkt. 9). Indeed, the deadline for a subsequently filed motion to dismiss by Defendant City of Luling, Texas, (Dkt. 12), had by then *also* passed without a response.[4]

Finding that Plaintiff had shown an extraordinary pattern of both non-compliance with the Court's Orders and of failure to prosecute, and given the Court had already twice warned that it has the authority to dismiss this case,[5] the Court exercised its power to dismiss this case. (Order Dismissing Case, Dkt. 16). The Court pointed in particular to Plaintiff's repeated failures to respond to the Court's Show Cause Orders, (Dkts. 10, 13), and repeated failures to prosecute this case by responding to the pending motions to dismiss, (Dkts. 9, 12). The Court did, however, state that dismissal with prejudice did not appear appropriate on the record and instead dismissed the case without prejudice. (Order Dismissing Case, Dkt. 16, at 3 & n.4).

Finally, two days later, Plaintiff through counsel filed the instant Motion to Reopen, (Dkt. 18). Mr. Tucker asserts that the failures to file responses to the two Motions to Dismiss were caused by a "miscommunication" between him and an associate attorney:

- "An associate attorney for Plaintiff's lead counsel had drafted a response to the Motion to Dismiss. Due to a miscommunication, both the associate and

[3] The Court notes that it granted his Refiled PHV Motion one day later on February 10, 2026. (Text Order dated Feb. 10, 2026). Mr. Tucker therefore cannot argue that he refrained from responding to the Motions to Dismiss because he had not been admitted to practice before the Court.
[4] In addition to not responding to the Motions to Dismiss, Plaintiff had not moved for an extension of time to respond to the motions.
[5] See Fed. R. Civ. P. 41(b) (action may be dismissed for want of prosecution or failure to comply with court order); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (district court has authority to dismiss case for want of prosecution or failure to comply with court order).

> Plaintiff's lead counsel believed that the response had been filed. The associate had submitted federal court filings in the past after lead counsel had approved them but was locked out of the filing account because PACER forced lead counsel to set up two factor identification." (*Id.* at 3).

- "In the ordinary practice of this office, associate counsel would prepare filings and, after lead counsel's review and approval, submit them through the Court's Electronic Case Filing (ECF) system using lead counsel's PACER credentials. Lead counsel reviewed and approved the Response to the Motions to Dismiss for filing. Both believed the other had filed it. The filing did not occur in part because PACER had recently required lead counsel to implement two-factor authentication on his account, which inadvertently locked associate counsel out of the account." (*Id.* at 4).

Mr. Tucker argues that the failures to respond were excusable mistakes, such that Federal Rule of Civil Procedure 60(b)(1) authorizes relief. (*Id.* at 3–4). He also contends that dismissal of all claims would be disproportionate, given that the statute of limitations will have passed for Plaintiff's claims, unless the principles of equitable tolling or relation back apply. (*Id.* at 6). On that same date, Mr. Tucker also filed a Response, (Dkt. 19), to the Court's First Show Cause Order. (Cite). Mr. Tucker did not file a response to the Court's Second Show Cause Order.

## II. LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). "A motion filed after judgment requesting that the court reconsider its decision in light of additional evidence constitutes either a motion to 'alter or amend' under Fed. R. Civ. P. 59(e) or a motion for 'relief from judgment' under Fed. R. Civ. P. 60(b)." *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). The date when the relief-seeking party files the motion determines which rule applies: if the motion is filed within twenty-eight days after the entry of final judgment, it is subject to Rule 59(e); otherwise it is subject to Rule 60(b). *Id.*[6]

[6] *Texas A&M Research Foundation* discusses the ten-day period specified in the version of Rule 59(e) in effect when it was decided in 2003. 338 F.3d at 400. In 2009, Rule 59 was amended to extend the 10-day period to 28 days. Fed. R. Civ. P. 59 Advisory Committee's Note to 2009 Amendment. However, the logic of the *Texas A&M Research Foundation* rule still applies to the extended period.

"Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use "sparingly." *Id.* (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). District courts have "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration, [but] such discretion is not limitless," and courts are meant to "strike the proper balance between the[] competing interests" of "the need to bring litigation to an end" and "the need to render just decisions on the basis of all the facts." *Id.* (citing *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990)).

## III. DISCUSSION

Because Plaintiff's Motion to Reopen was filed within two days of the Court's Order dismissing the instant case, the Court reviews the Motion under Federal Rule of Civil Procedure 59(e). *See James v. Rice Univ.*, 80 F. App'x 907, 910 (5th Cir. 2003) (per curiam) ("Because the first motion for reconsideration was filed . . . within ten days of the entry of the dismissal order, and because it argues the merits of James's claim, it is appropriate to consider the motion as a Rule 59(e) motion to alter or amend the judgment.").[7]

Dismissal with prejudice as a sanction is within a court's discretion where a party has "exhibited a 'clear record of contumacious conduct by the plaintiff' and that 'lesser sanctions would not service the best interests of justice.'" *In re Taxotere (Docetaxel) Products Liab. Litig.*, 966 F.3d 351 (5th Cir. 2020) (quoting *In re Deepwater Horizon* (*Barrera*), 907 F.3d 232, 234 (5th Cir. 2018)). In "most cases" where the Fifth Circuit has "affirmed dismissals with prejudice, [that court] found at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual

[7] As with *Texas A&M Research Foundation*, *James* was also decided under the previous version of Rule 59(e) that provided a ten-day deadline, rather than the current twenty-eight-day deadline. *See supra* note 6.

prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Yanez v. Dish Network, L.L.C.*, 140 F.4th 626, 633 (5th Cir. 2025) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Here, though the Court explicitly warned Plaintiff that it may dismiss this case with prejudice in its Second Show Cause Order, (Dkt. 13, at 2), the Court nevertheless found that dismissal without prejudice was the proper remedy. (Order Dismissing Case, Dkt. 16, at 3 & n.4). Plaintiff now files the instant Motion to Reopen, raising that the dismissal effectively was with prejudice, as Plaintiff filed this action two days prior to the two-year statute of limitations running. (Mot. to Reopen, Dkt. 18, at 6).

The Court is far from satisfied with Mr. Tucker's explanation for his failure to comply with two Show Cause Orders and respond to two Motions to Dismiss. Most notably, the Motion to Reopen acknowledges that the Court entered two Show Cause Orders, (*id.* at 2), but Mr. Tucker provides **no** explanation for his failure (or his co-counsel's failure) to respond to the First Show Cause Order **or** Second Show Cause Order.[8] He does represent that the failures to file responses to the two Motions to Dismiss were caused by a miscommunication with an associate attorney, compounded by technological problems with PACER. (Mot. to Reopen, Dkt. 18, at 3). The timeline of these multiple communication failures is unclear, given that the two Motions to Dismiss had different response deadlines. To the extent Mr. Tucker is representing that this failure in communication occurred after *both* responses were due, there is no explanation for why his response to the first Motion to Dismiss was not timely filed. Based on this record, the Court finds that Mr. Tucker has failed to sufficiently demonstrate that his noncompliance was unintentional.[9]

[8] In the Reply supporting the Motion to Reopen, Mr. Tucker claims for the first time that he "inadvertently neglected" to file "a response to the show cause order" but does not specify *which* Show Cause Order. (Reply, Dkt. 25, at 5–6).

[9] The Court is also concerned by the lack of any actions taken by Attorney Fatima Hassan-Salam, who is Mr. Tucker's co-counsel on the docket.

Moreover, Mr. Tucker continues to misunderstand the reasoning behind the dismissal. He states:

> The Order based the dismissal on (a) the delay in refiling the PHV Motion (even though the Court had already issued an order accepting the refiled Motion), (b) the failure to respond to the Show Cause Order concerning the difficulties that prevented service of one out of eight Defendants, which should not have served as a basis for dismissal as to the other seven Defendants, and (c) the failure to respond to the Motions to Dismiss, which was due to miscommunication and technical issues, as described above.

(Mot. to Reopen, Dkt. 18, at 3). He similarly includes in the Motion to Reopen's Introduction section that "service issues as to [Officer Uriel Valencia] alone should not have warranted dismissal of the entire case." (*Id.* at 2). For one, the failure to serve one defendant played no role in the Court's dismissal of this case. The fact that the First Show Cause Order involved failure to serve is only obliquely related to the more serious failure to *respond* to the First Show Cause Order, which is a basis on which to dismiss an entire case.[10] Second, Mr. Tucker does not acknowledge his failure to respond to the *Second* Show Cause Order as a separate reason for this case's dismissal. And, once again, he gives no reasoning for his failure to respond to either Show Cause Order.

The Court is sensitive to the fact that dismissal of this case is effectively a dismissal with prejudice, despite Plaintiff seemingly having played no role in his counsel's consistent noncompliant behavior. The Court also acknowledges that it previously found a dismissal with prejudice to be inappropriate. Plaintiff did, however, take a risk by choosing to file this case only two days prior to the statute of limitations expiring. However, based on how the record has continued to develop—i.e., with Mr. Tucker still not responding to the Second Show Cause Order or giving **any** reason for his failure to respond to either the First or Second Show Cause Order—the Court now finds that dismissal with prejudice is appropriate. And, as the Supreme Court has emphasized, a party "voluntarily chose this attorney as his representative in the action, and he cannot now avoid the

[10] Indeed, the Court could have dismissed the case after his failure to respond to the First Show Cause Order, let alone after the additional failure to respond to the Second Show Cause Order.

consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent . . . ." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962)). Thus, in light of the foregoing analysis, and in light of the Fifth Circuit's instruction that altering a judgment under Rule 59(e) is "an extraordinary remedy that courts should use 'sparingly,'" *Templet*, 367 F.3d at 479 (quoting *Clancy*, 101 F. Supp. 2d at 465), the Court will deny Plaintiff's Motion to Reopen.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Reopen and to Reconsider Order of Dismissal Without Prejudice, (Dkt. 18), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Substituted Service, (Dkt. 20), is **DISMISSED AS MOOT**.

**SIGNED** on July 28, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE